UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>UNICOR INDUSTRIES, INC., et al.,<br><br>  Defendants. | Case No.: 1:18-cv-01694-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Clarence Davis is proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's complaint, filed December 13, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff was accommodated by staff after Dr. Nader's medical diagnosis and was given a position that he was qualified to perform. However, after being diagnosed with carpal tunnel syndrome (CTS), he was terminated from a job that needed drill nor hammer nor any vibratory machine. The motivation for the job termination was discrimination based on an adverse decision as well as federal regulations.

## III.

## DISCUSSION

While 28 U.S.C. § 1983 creates a remedy for monetary damages for individuals injured by persons acting under color of state law, "Congress did not create an analogous statute for federal officials. Ziglar v. Abbasi, 137 S.Ct. 1843, 1854 (2017). Rather, the Supreme Court in Bivens decided that, "even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures." Id. In Bivens, the Supreme Court created an implied cause of action based on a violation of the Fourth Amendment by federal officers. Bivens, 403 U.S. at 397.

In <u>Abbasi</u>, the Supreme Court clearly stated that "expanding the <u>Bivens</u> remedy is now a disfavored judicial activity," and the Court has "consistently refused to extend <u>Bivens</u> to any new context or new category of defendants." <u>Ziglar v. Abbasi</u>, 137 S.Ct. at 1857 (citations omitted). The Court set forth a two-part test to determine whether a <u>Bivens</u> claim may proceed. The district court must first determine whether the claim presents a new context from previously established <u>Bivens</u> remedies. If so, the Court must then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding <u>Bivens</u> absent affirmative action by Congress. <u>Id.</u> at 1857, 1875.

"Since <u>Bivens</u>, the Supreme Court has recognized implied causes of action for damages against federal employees for only three types of constitutional violations: (1) police search and seizure in violation of the Fourth Amendment, <u>see</u> <u>Bivens</u>, 403 U.S. 388; (2) gender discrimination by a congressman in violation of the Fifth Amendment for an employee not covered by Title VII, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1978); and (3) deliberate indifference toward a prisoner in violation of the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980)." <u>Adralan v. McHugh</u>, No. 1:13-CV-01138-LHK, 2013 WL 6212710, at *10 (N.D. Cal. Nov. 27, 2013).

In <u>Abbasi</u>, the Supreme Court defined the analysis for "determining whether a case presents a new <u>Bivens</u> context" as follows:

> If the case is different in a meaningful way from previous Bivens cases decided by this Court, then the context is new. Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive instruction by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

<u>Id.</u> at 1859-60. The Supreme has advised that "even a modest extension is still an extension" and even small differences can be "meaningful ones" that would create a new Bivens context, although some may "be so trivial that they will not suffice to create new Bivens context." <u>Id.</u> at 1864-65.

In this case, Plaintiff alleges employment discrimination and wrongful termination based on his medical condition. The Court finds this to be a new Bivens context as one of the three prior Bivens cases addressed federal prisoners in the prison-employment context. Although the <u>Davis</u> case

involved a Fifth Amendment discrimination claims, it concerned gender discrimination of a congressional employee. However, Plaintiff is a federal prisoner and is not an "employee" within the meaning of federal employment protection statutes. See, e.g., Wilkerson v. Samuels, 524 Fed. Appx. 776, 779 (3d Cir. 2013) (per curiam) ("It is well established that a prisoner is not an employee under the Fair Labor Standards Act (FLSA), because the relationship is not one of employment, but arises out of the prisoner's status as an inmate."). Therefore, Plaintiff's constitutional claim is a new Bivens context, as it is meaningfully different from the previous cases in which an implied right of action was found.

Now, the Court must determine whether special factors counsel hesitation in this Court in recognizing a Bivens remedy. The Supreme Court's precedents "now make clear that a Bivens remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" Id. Thus, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857-58. This requires the Court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an affirmative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

Plaintiff has alternative remedies available to him. First, the Bureau of Prisons administrative grievance process affords prisoners, such as Plaintiff, a process for challenging conditions of their confinement. See Gonzalez v. Hasty, 269 F.Supp.3d 45, 60 (E.D.N.Y. 2017) (holding, post-Abbasi, that the administrative complaints that plaintiff-inmate filed with the BOP, though unsuccessful, were one of two "alternative remedies available" to Plaintiff "to challenge his conditions of confinement," and, while non-judicial and administrative in nature, they constituted, along with the availability of habeas relief, "special factors counseling against the creation of a new claim here"); cf. Correctional Services Corp. v. Malesko, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.") (citation omitted). Second, a prisoner who believes his constitutional rights are being

4

violated may initiate an action for declaratory and injunctive relief.  See 18 U.S.C. § 3626 (providing remedies in any civil action with respect to prison conditions).  Although equitable remedies do not provide damages like a Bivens action, they are among the alternative processes that courts must consider in determining whether to extend an implied damages claim.  Abbasi, 137 S.Ct. at 1865 (alternative remedies may include a "writ of habeas corpus, an injunction requiring the warden to bring his prison into compliance … or some other form of equitable relief"); Wilkie v. Robbins, 551 U.S. 537, 551-52 (2007) (listing the "opportunity to contest all of the administrative charges" and exercising "his right to jury trial on the criminal complaints" as available alternative remedies to landowner who sought Bivens remedy against Bureau of Land Management employees); Malesko, 534 U.S. at 551-52 ("unlike the Bivens remedy, which we have never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally).  Because alternative remedies are available to Plaintiff, this special factor counsel against further extension a Bivens damages claim.

Next, the Court must determine whether special factors counsel hesitation in recognizing a Bivens remedy.  The specials factors inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Abbasi, 137 S.Ct. at 1857-58.  Therefore, if there are "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress." Abbasi, 137 S.Ct. at 1858.  "The Court's precedents now make clear that a Bivens remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." Id. at 1857 (internal quotation marks omitted).

In this instance, the prison workplace is a special factor that counsels hesitation in extending a Bivens remedy.  As stated by one district court, "[t]he Supreme Court has previously stated that 'courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.… Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Anderson v. Ortiz, No. 15-6981 (JBS-AMD), 2018 WL 1399302,

at *7 (D. New Jersey) (citing Turner v. Safley, 482 U.S. 78, 84-85 (1987) (internal citations and quotation marks omitted). "Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. Turner, 482 U.S. at 85; see also Abbasi, 137 S.Ct. at 1857 ("When a party seeks to assert an implied cause of action under the Constitution itself . . . separation-of-powers principles are or should be central to the analysis.").

UNICOR (named as Defendant in this action) was created by the legislature to require work assignments for federal prisoners, subject to certain exceptions. 18 U.S.C. §§ 4121-4129; see also 28 C.F.R. § 345.10 ("It is the policy of the Bureau of Prisons to provide work to all inmates (including inmates with a disability who, with or without reasonable accommodations, can perform the essential tasks of the work assignment) confined in a federal institution."). By statute, Congress has allowed for discretionary compensation, 18 U.S.C. § 4126, but it did not provide a monetary remedy against federal officers or employees. See Abbasi, 137 S.Ct. at 1856 ("When Congress enacts a statute, there are specific procedures and times for considering its terms and the proper means for its enforcement. It is logical, then, to assume that Congress will be explicit if it intends to create a private cause of action."). Therefore, the Court finds that a Bivens remedy should not be extended in this instance.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim under Bivens.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2019**

_____
UNITED STATES MAGISTRATE JUDGE